OFFICE OF THE UNITED STATES TRUSTEE

TIFFANY L. CARROLL
Acting United States Trustee
CURTIS CHING 3931
Assistant United States Trustee
TERRI H. DIDION (CSB #133491)
Trial Attorney for U.S. Trustee
1132 Bishop Street, Suite 602
Honolulu, Hawaii 96813
Telephone No. (808) 522-8150
ustpregion15.hi.ecf@usdoj.gov

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CASE NO. 11-01392 |
| | ) | (Chapter 7) |
| LIANE N. WILSON, | ) | |
| | ) | Date: August 20, 2014 |
| Debtor. | ) | Time: 9:30 a.m. |
| _____ | ) | Judge: Hon. ROBERT J. FARIS |

**MOTION TO APPROVE STIPULATION TO DISMISS CASE**

The Office of the United States Trustee ("UST"), hereby moves this court for an order approving the UST's agreement set forth in a letter dated June 20, 2014 ("Agreement") between the UST, Chapter 7 Trustee Richard Yanagi ("Trustee"), and Debtor, Liane N. Wilson ("Debtor"). The Agreement, a copy of which is attached as Exhibit A, settles claims resulting from Debtor's receipt of certain post-petition funds.

1

## I. Memorandum in Support of Motion

    A.    Debtor filed a Chapter 7 petition on May 17, 2011.

    B.    Richard Yanagi was appointed the Chapter 7 Trustee.

    C.    Prior to the filing of the bankruptcy petition, Debtor made a claim for long term disability with UNUM Life Insurance Company of America ("UNUM").

    D.    On August 30, 2011, Debtor's claim for long term disability with UNUM was accepted.

    E.    From July 28, 2011 through April 16, 2013, Debtor received a sum total of $333,386.87 in long term disability payments from UNUM.

    F.    The payments were deposited into the account of a third party, and the UST and Trustee had no knowledge of these payments or the source thereof until after the last payment was received on April 16, 2013.

    G.    The UST and Trustee believe that there are potential claims pursuant to 11 U.S.C. §§707(b) and 727. Debtor believes that she has defenses to any such motion or complaint brought against her by the UST and/or Trustee. In order to avoid the risks and expenses of contesting a motion or complaint filed by the UST or Trustee, the parties have reach an Agreement.

U.S. Bankruptcy Court - Hawaii   #11-01392   Dkt # 83   Filed  07/03/14   Page 2 of 10

H. The UST, Trustee, and Debtor, subject to Bankruptcy Court approval, have entered into an Agreement which is attached as Exhibit A. The Agreement settles and releases Debtor of any claims which might have been brought against her pursuant to 11 U.S.C. §§707(b) and 727 as follows:

1. Debtor's Chapter 7 Case No. 11-01392 shall be dismissed with a thirty (30) month prohibition to refiling another bankruptcy case under Title 11. The prohibition to refiling will start as of the date the Bankruptcy Court enters a final Order dismissing the case.

2. The deadline for the filing of a complaint under 11 U.S.C. §727 or a motion under 11 U.S.C. §707(b) is hereby extended from June 30, 2014, to the date of the entry of a final Court Order dismissing this case. If the Agreement is not approved by the Bankruptcy Court, the Trustee and UST shall have ten (10) calendar days after the hearing date seeking approval of this Agreement to file a complaint under 11 U.S.C. §727 or a motion under 11 U.S.C. §707(b).

3. If any dispute(s) or claims(s) arise out of or relating to this Agreement, the United States Bankruptcy Court, District of Hawaii shall have exclusive jurisdiction over all such dispute(s) or claim(s).

4. Each party shall pay its own costs and attorney's fees incurred in connection with this Agreement. Should any action at law or equity be brought to enforce any of the terms or conditions of the Agreement, each party shall pay its own costs and attorney's fees.

5. This Agreement is conditioned upon Bankruptcy Court approval. This Agreement shall not be binding upon the Trustee or UST unless and until it is approved by the Bankruptcy Court pursuant to the entry of a final Court Order. Debtor agrees that she will not seek reversal, modification, appeal, or use any other judicial means to vacate or otherwise set aside the final Court Order approving this Agreement. The Trustee, UST, or Debtor shall not be obligated hereunder if the Bankruptcy Court fails to approve this Agreement.

I. The Trustee, in exercise of his business judgment and based on the foregoing, believes that the Agreement is fair and equitable and meets the standard for approval of a compromise. <u>Woodson v. Fireman's Fund Ins. Co.</u>, 838 F.2d 610 (9th Cir. 1988). The UST believes that the Agreement is fair given the facts of this bankruptcy case. Approval of the Agreement is in the best interests of the Debtor's estate in that it minimizes the risk, uncertainty and expense of the Trustee and /or UST having to bring a motion to dismiss pursuant to 11 U.S.C. §707(b) or a complaint objecting to Debtor's discharge under 11 U.S.C. §727.

## II. Conclusion

Based on the foregoing, the UST requests that the Motion be granted and for such other relief as is appropriate.

Dated: Honolulu, Hawaii   July 3, 2014

/s/ TERRI H. DIDION
Trial Attorney for U.S. Trustee

# Exhibit A



**U.S. Department of Justice**

United States Trustee
Region 15
Districts of Hawaii, Guam, and
the Northern Mariana Islands
_____

| | | |
|---|---|---|
| Suite 602 | | (808) 522-8150 |
| 1132 Bishop Street | Fax: | (808) 522-8156 |
| Honolulu, Hawaii 96813 | | |

June 20, 2014

Barbara L. Franklin, Esq.
45-3438 Mamane Street, Bldg. 2
Honokaa, HI 96727
Via Email: barbara.franklin@hawaiiantel.net

Re: Liane N. Wilson, Chapter 7 Case No. 11-01392
U.S. Bankruptcy Court, District of Hawaii

Dear Ms. Franklin:

This letter agreement ("Agreement"), when fully executed and subject to Bankruptcy Court approval, will confirm the settlement between Richard Yanagi, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Liane N. Wilson ("Debtor"), Case No. 11-01392 in the United States Bankruptcy Court for the District of Hawaii, the Office of the United States Trustee ("UST") and Debtor.

This agreement concerns funds received post-petition from UNUM Life Insurance Company of America resulting from Debtor's long term disability claim made on May 3, 2011. The Trustee and UST contend that Debtor concealed the UNUM funds from creditors, the Trustee, and UST. Debtor disputes this contention. The Trustee, UST, and Debtor, subject to Bankruptcy Court approval, herein agree to fully settle and release the Debtor of claims which might have been brought against her pursuant to 11 U.S.C. Section 727 and 707(b) as follows:

1. Debtor's Chapter 7 Case No. 11-01392 shall be dismissed with a thirty (30) month prohibition to refiling another bankruptcy case under Title 11. The prohibition to refiling will start as of the date the Bankruptcy Court enters a final Order dismissing the case.

Barbara L. Franklin, Esq.
June 20, 2014
Page 2

     2.     The deadline for the filing of a complaint under 11 U.S.C. Section 727 or a motion under 11 U.S.C. Section 707(b) is hereby extended from June 30, 2014, to the date of the entry of a final Court Order dismissing this case.  If the Agreement is not approved by the Bankruptcy Court, the Trustee and UST shall have ten (10) calendar days after the hearing date seeking approval of this Agreement to file a complaint under 11 U.S.C. 727 or a motion under 11 U.S.C. 707(b).

     3.     If any dispute(s) or claims(s) arise out of or relating to this Agreement, the United States Bankruptcy Court, District of Hawaii shall have exclusive jurisdiction over all such dispute(s) or claim(s).

     4.     Each party shall pay its own costs and attorney's fees incurred in connection with this Agreement.  Should any action at law or equity be brought to enforce any of the terms or conditions of the Agreement, each party shall pay its own costs and attorney's fees.

     5.     This Agreement is conditioned upon Bankruptcy Court approval.  This Agreement shall not be binding upon the Trustee or UST unless and until it is approved by the Bankruptcy Court pursuant to the entry of a final Court Order.  Debtor agrees that she will not seek reversal, modification, appeal, or use any other judicial means to vacate or otherwise set aside the final Court Order approving this Agreement.  The Trustee, UST, or Debtor shall not be obligated hereunder if the Bankruptcy Court fails to approve this Agreement.

     6.     This Agreement may be executed in any number of counterparts and by different parties in separate counterparts, each of which when so signed shall be deemed to be an original, and all of which taken together shall constitute one and the same document, binding upon all of the parties.  The submission of a signature page transmitted by facsimile or electronic transmission (pdf) shall be considered as an"original" signature page for purposes of this Agreement.

Barbara L. Franklin, Esq.
June 20, 2014
Page 3

Please sign, and have your client sign below where indicated, and return the signed letter to me no later than Friday, June 27, 2014. Thereafter, the Trustee and UST will sign this Agreement and a motion to dismiss will be promptly filed.

Feel free to contact me with any questions.

Regards,

*Terri H. Didion*
Terri H. Didion
Trial Attorney for U.S Trustee


AGREED, Subject to Bankruptcy Court approval:

_____
Liane N. Wilson, Debtor

_____
Barbara L. Franklin, Attorney for Debtor


_____
Richard Yanagi, Chapter 7 Trustee


_____
Terri H. Didion, Trial Attorney for U.S. Trustee

Barbara L. Franklin, Esq.
June 20, 2014
Page 3

Please sign, and have your client sign below where indicated, and return the signed letter to me no later than Friday, June 27, 2014. Thereafter, the Trustee and UST will sign this Agreement and a motion to dismiss will be promptly filed.

Feel free to contact me with any questions.

Regards,

`/s/ Terri H. Didion`

Terri H. Didion
Trial Attorney for U.S Trustee


AGREED, Subject to Bankruptcy Court approval:

_____
Liane N. Wilson, Debtor


_____
Barbara L. Franklin, Attorney for Debtor


/s/ Richard Yanagi
Richard Yanagi, Chapter 7 Trustee


/s/ Terri H. Didion
Terri H. Didion, Trial Attorney for U.S. Trustee